IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

EDWARD MALLORY,

        Defendant.
_____/

CR. NO. S-09-0090 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. After reviewing the record and the applicable law, the court has determined that the motion may be decided without a hearing and without service on the United States Attorney because the files and records of the case conclusively establish that it is time-barred. On that basis, defendant is not entitled to relief.

Background

    Defendant was convicted February 11, 2011, pursuant to his pleas of guilty, of several drug trafficking offenses and was

1

sentenced April 29, 2011 to a term of 292 months imprisonment. The plea agreement waived defendant's rights to appeal and collateral attack of the conviction and sentence, as well as the right to move for a reduced sentence.  Despite the language of the plea agreement, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582 in January 2012, which motion the court denied in an order filed July 17, 2012, based on the terms of the plea agreement as well as the inaplicability of § 3582.  Undeterred, defendant has filed the instant motion, seeking to vacate, set aside or correct his sentence, contending he was coerced into giving up his rights to appellate and collateral attack by ineffective counsel.

## Discussion

Motions brought pursuant to section 2255 of Title 28 are subject to a one year statute of limitations.  The one year period runs from one of four dates set forth in the statute.  See 28 U.S.C. § 2255(1-4).  The date applicable in the instant case is that on which "the judgment of conviction became final."  28 U.S.C. § 2255(1).  A judgment of conviction becomes final after judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied.  Griffith v. Kentucky, 107 S.Ct. 708, 712 n.6 (1987). Here, judgment was orally pronounced April 29, 2011 and was entered on the docket May 11, 2011.  An amended judgment correcting a clerical error was

2

entered June 7, 2011.  Defendant did not file an appeal, so judgment became final September 7, 2011, 90 days after entry on the docket.  Accordingly, the one year period in which to file a § 2255 motion expired September 7, 2012.  Defendant's motion to vacate, set aside or correct sentence, filed November 1, 2012, is untimely and, on that basis, is DENIED.

   IT IS SO ORDERED.

Dated: November 15, 2012

                              /s/ Edward J. Garcia
                              EDWARD J. GARCIA, JUDGE
                              UNITED STATES DISTRICT COURT

3