UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

EDWARD MALLORY,

             Defendant.

No.  2:09-CR-0090 WBS

    2:12-CV-2700 EJG

**ORDER**

----oo0oo----

       The court sentenced defendant Edward Mallory to 292 months imprisonment on April 29, 2011 pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  (Docket No. 56.)  Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 1, 2012.  (Docket No. 65.)  On November 15, 2012, Judge Garcia denied the § 2255 motion as untimely.  (Docket No. 66.)  On appeal, the Ninth Circuit vacated Judge Garcia's Order, and remanded the matter to this court because defendant did not have the opportunity to respond to the allegation that his motion was untimely.  (Docket No. 77.)

1

1    On remand, this court appointed counsel to represent

2   defendant and ordered further briefing on the § 2255 motion.

3   (Docket Nos. 79, 82.)   The United States filed its Opposition to

4   defendant's motion on February 19, 2014 (Docket No. 80.)   Defense

5   counsel filed a Reply on October 24 2014.   (Docket No. 97.)   The

6   court heard oral arguments on the motion on November 10 2014.

7    Defendant concedes that he filed his § 2255 motion

8   after the one-year statute of limitations had expired on

9   September 7, 2012.   (Def.'s Reply at 2 (Docket No. 97).)

10  Defendant nonetheless argues that the court should not dismiss

11  the motion as untimely under the doctrine of equitable tolling.

12  (Id.)   According to defendant, the court should exclude the time

13  during which his motion to reduce his sentence under 18 U.S.C. §

14  3582(c)(2) was pending.   (Id. at 3.)

15    "A § 2255 motion is entitled to equitable tolling only

16  if he shows (1) that he has been pursuing his rights diligently,

17  and (2) that some extraordinary circumstance stood in his way and

18  prevented timely filing."   United States v. Buckles, 647 F.3d

19  883, 889 (9th Cir. 2011) (internal quotation marks and citations

20  omitted).

21    Defendant acknowledges that there appears to be no

22  authority for his contention that the pendency of his §

23  3582(c)(2) motion should be deemed a sufficient extraordinary

24  circumstance that interfered with his ability to timely file his

25  § 2255 motion.   Under the circumstances of this case, the court

26  cannot find that the pendency of defendant's § 3582(c)(2) motion

27  rose to the level of an "extraordinary circumstance."

28    The Supreme Court has set a high bar for finding such

circumstances exist.  See, e.g. Holland v. Florida, 560 U.S. 631, 651-52 (2010) (recognizing that a garden variety claim of a defense attorney's excusable neglect does not warrant equitable tolling); Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that a defense attorney's miscalculation of the statute of limitations period does not present special circumstances to warrant equitable tolling).  Defendant points to several "fairness and policy considerations," (Def.'s Reply at 3), but these alone do not constitute extraordinary circumstances that stood in the way of his ability to file a § 2255 motion.

Defendant attempts to analogize to cases holding that a § 2255 motion should await disposition of a defendant's direct appeal.  (Def.'s Reply at 4.)  "For reasons of judicial economy, a district court should not entertain a habeas corpus petition while there is an appeal pending . . . ."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (internal quotation marks omitted).  Here, the same judicial economy concerns are not present.  Defendant's § 3582(c)(2) motion was defendant's attempt to take advantage of an amendment to the sentencing guidelines.  Unlike a direct appeal, the issues raised in defendant's § 3582(c)(2) motion are not the type that would overlap with a § 2255 motion.

IT IS THEREFORE ORDERED that defendant's § 2255 motion be, and there same hereby is, DENIED.

Dated:  November 10, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE